# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARL SHELDON DANIELS,** | : | CIVIL ACTION NO. 1:14-CV-1381 |
| **Petitioner** | : | (Chief Judge Conner) |
| v. | : | |
| **LEONARD MAHALLY,** | : | |
| **Respondent** | : | |

## ORDER

AND NOW, this 21st day of August, 2014, upon consideration of the petition (Doc. 1) for writ of habeas corpus filed by petitioner and state prisoner Carl Sheldon Daniels ("Daniels"), and further upon consideration of the report (Doc. 4) of Magistrate Judge Susan E. Schwab, recommending the court transfer the matter *sub judice* to the United States District Court for the Eastern District of Pennsylvania, (see id. at 5), the district where Daniels was convicted and where the sentence subject to Daniels' petition was imposed, (see id. at 2-5), and following an independent review of the petition, the court agreeing with Judge Schwab that the interest of justice supports transfer of this matter to the Eastern District of Pennsylvania, see *In re* Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (noting "that it is quite clear that ordinarily a transfer of a section 2241 proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses") (citing *In re* Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997)), and it appearing that neither party has objected to the report, and that there is no clear error on the face

of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 4) of Magistrate Judge Susan E. Schwab is ADOPTED in its entirety.

2. The Clerk of Court is directed to TRANSFER this matter to the United States District Court for the Eastern District of Pennsylvania.

      /S/ CHRISTOPHER C. CONNER
      Christopher C. Conner, Chief Judge
      United States District Court
      Middle District of Pennsylvania

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report in accordance with this Third Circuit directive.